UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SENIOR LIFESTYLE CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-cv-02457-JMS-MJD |
| KEY BENEFIT ADMINISTRATORS, INC. | ) |
| Defendants. | ) |

# ORDER

Plaintiff Senior Lifestyle Corporation ("SLC") alleges that Defendant Key Benefit Administrators, Inc. ("KBA") breached its fiduciary duty under the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"). KBA now moves the Court to dismiss part of SLC's Complaint for failure to establish that KBA had a fiduciary duty under ERISA. [Filing No. 35.] For the following reasons, the Court **DENIES** KBA's Motion.

## I.
### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court may not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The following facts are drawn from SLC's Complaint, [Filing No. 1], and the attached exhibit, [Filing No. 1-1], which are treated as true for the purpose of resolving KBA's Motion. *E.g.*, *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (noting that courts must consider "documents attached to the complaint" under Rule 12(b)(6)).

As of January 1, 2015, SLC and KBA entered into an Administration Services Agreement ("ASA") for services related to SLC's employee benefits plan. [Filing No. 1 at 2.] Under the ASA, KBA explicitly agreed to do the following, in relevant part:

> 2. Follow the claims administration procedures and practices provided for under the Plan and in accordance with standard industry practice, and inform Employer of any material changes.
>
> 3. Provide suitable facilities, personnel, procedures, standard forms, and instructions for the administration of claims under the Plan.
>
> 9. Determine, in accordance with the Plan and claims administration procedures and practices, the qualification of claims submitted, making such investigation as may be necessary to determine whether a claim is payable under the terms of the Plan.

11. Make Plan payments with Employer funds in strict adherence to the Plan, using no funds for payments outside the Plan.

12. Provide Employer with information on disputed claims and rationale for claim payment in accordance with the Plan and industry standards.

21. Make available a preferred provider network. The preferred provider network will offer discounted medical services from health care providers who have agreed to accept the payment of the Plan as payment in full and not balance bill the patient except for deductibles and co-payments.

23. Coordinate the purchase of stop-loss insurance coverage and provide stop loss claim administration. Stop-loss insurance provides for a reimbursement to the contract holder of amounts equal to payments that are in excess of an agreed upon monthly and annual amount of claims paid by the Plan.

[Filing No. 1-1 at 1-4.]

In addition to many duties that were outlined for KBA to perform, the ASA contained a provision regarding the relationship of the parties that stated:

1. Nothing in this Agreement shall be construed as creating a fiduciary relationship between the Plan Supervisor and the Employer or participants in the Plan.

[Filing No. 1-1 at 7.]

On November 6, 2015, SLC became aware of the fact that KBA failed to make payments on the stop-loss coverage, resulting in SLC's coverage being cancelled. [Filing No. 1 at 4.] However, SLC never received notification from KBA that payments were deficient, [Filing No. 1 at 4], or that KBA was planning to cease stop-loss coverage payments on its behalf, [Filing No. 1 at 5]. Due to KBA's failure to pay the stop-loss policy, SLC lost reimbursement of up to one million dollars from the policy. [Filing No. 1 at 5.] When SLC became aware of this cancellation, SLC requested an accounting of the claims paid and the amount of money SLC still owed. [Filing

3

[Filing No. 1 at 5-6].] However, KBA has not produced any such accounting or clarification of how the funds have been used and what amount is still owed. [Filing No. 1 at 5-6.] On three different dates, KBA provided SLC with three different amounts it still owes for the policy payments, but no other information was provided such that SLC could verify the accuracy of the information. [Filing No. 1 at 5-6.]

As a result of these events, SLC filed a Complaint on May 8, 2017 alleging breach of fiduciary duty under ERISA, breach of contract, and gross negligence. [Filing No. 1.] On August 3, 2017, KBA filed a Partial Motion to Dismiss for the breach of fiduciary duty under ERISA, [Filing No. 36,] which is now ripe for consideration.

### III.
#### DISCUSSION

In its Complaint, SLC alleges that KBA was a plan fiduciary under ERISA because it had discretionary authority to administer and pay claims and manage the assets under the plan. [Filing No. 1 at 7.] As a plan fiduciary, KBA owed a duty of loyalty and care in its administration of the plan. [Filing No. 1 at 7.] SLC contends that these duties were breached because KBA has not provided any accounting of the plan funds to SLC, prohibiting SLC from determining what is owed and what has been overpaid. [Filing No. 1 at 7.]

In support of its Motion to Dismiss, KBA argues that it did not act as a fiduciary when performing its duties under the ASA, and that it performed "purely ministerial" functions. [Filing No. 36 at 6.] Furthermore, KBA argues that the ASA confirms KBA's non-fiduciary status because of the express provision stating the relationship is not a fiduciary one. [Filing No. 36 at 10-11.]

In its reply brief, SLC contends: (1) that KBA's role as a fiduciary is a question of fact that should not be decided on a motion to dismiss, [Filing No. 41 at 3]; (2) that KBA performed

4

more than ministerial functions, [Filing No. 41 at 4]; and (3) the ASA alone cannot limit KBA's role as a fiduciary, [Filing No. 41 at 8].

In its reply brief, KBA maintains that SLC has not established a fiduciary duty related to the specific action in breach and reiterates that the ASA demonstrates no fiduciary relationship. [Filing No. 45 at 2-5.]

In evaluating whether a third party has a fiduciary duty under ERISA, the Court must first evaluate whether the third party was a fiduciary according to the law. *Baker v. Kingsley,* 387 F.3d 649, 660 (7th Cir. 2004). ERISA provides that:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets. . . .or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002 (21)(A).

Therefore, the key question in deciding whether a relationship qualifies as fiduciary is what type of discretion a person or entity had over the administration and management of the plan. *See Schmidt v. Sheet Metal Workers' Nat. Pension Fund,* 128 F.3d 541, 547 (7th Cir. 1997). The regulations promulgated in support of ERISA provide that "a person who performs purely ministerial functions . . . for an employee benefit plan within a framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary because such person does not have discretionary authority or discretionary control." 29 C.F.R. 2509.75-8, D-2. In short, "ERISA makes the existence of discretion a sine qua non of fiduciary duty." *Pohl v. National Benefits Consultants, Inc.,* 956 F.2d 126, 129 (7th Cir. 1992).

In this case, SLC alleges that KBA performed more than ministerial duties because KBA determined whether individual claims for benefits should be paid. [Filing No. 1 at 7.] *See e.g.,*

*Smith v. Medical Benefit Administrators Group, Inc.,* 639 F.3d 277, 281 (7th Cir. 2011) (stating "[a]s a claims administrator with the power to grant or deny a participant's claim for health insurance benefits, [the administrator] is an ERISA fiduciary."). However, the question of fiduciary duty boils down to the specific discretion that a person or entity has over the administration or management of a plan. As such, this is a factual question about the specific relationship involved in the dispute that should not be decided on a motion to dismiss

Many other courts have made similar conclusions regarding a fiduciary determination at the motion to dismiss stage. *See e.g., West v. WellPoint, Inc.,* 2011 WL 1258022 at *10 (S.D. Ind. Mar. 30, 2011); *Patten v. N. Trust Co.,* 703 F.Supp.2d 799 at 808-09 (N.D. Ill. 2010); *NIBCO, Inc. v. American Funds Service Co.,* 2009 WL 3756481, at *3 (S.D. Ind. Nov. 6, 2009) (holding that discretionary control of a fiduciary is not an issue to be determined by a motion to dismiss); *George v. Kraft Foods Global, Inc.,* 2009 WL 4884027, at *14 (N.D. Ill. Dec. 17, 2009); *Porterfield v. Orecchio,* 2008 WL 130921, at *3 (N.D. Ill. Jan. 9, 2008); *Smith v. Aon Corp.,* 2006 WL 1006052, at *4 (N.D. Ill. Apr. 12, 2006). In this case, SLC has sufficiently alleged facts in order to overcome a motion to dismiss, which is all that is required at this stage. *Active Disposal*, 635 F.3d at 886.

Furthermore, the ASA alone is not dispositive as to whether a fiduciary relationship existed. As ERISA provides, "any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part shall be void as against public policy." 29 U.S.C. § 1110(a). Here again, the question before the Court is a factual one addressing the nature of the responsibilities in the ASA, as well as the actual performance of the parties. *See, e.g., Spine Surgery Assocs. & Discovery Imaging, PC v. INDECS Corp.*, 50 F.Supp.3d 647, 655-56 (D.N.J. 2014) (in which parties had a contract which included language to limit fiduciary status, but the court held that the parties' performance

6

indicated discretional authority and the contract language could not limit the fiduciary status). In this case, because a factual analysis is needed to determine if KBA was a fiduciary under ERISA, KBA's Motion to Dismiss is denied.

## IV.
### CONCLUSION

SLC's Complaint plausibly pleads a breach of fiduciary duty under ERISA. Accordingly, the Court **DENIES** KBA's Partial Motion to Dismiss. Filing No. [35].

Date: 11/15/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**